**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| JULIE RODRIGUEZ-SANTANA | * | |
| Plaintiff | * | |
| v. | * | Civil No. 06-1490(SEC) |
| COMMONWEALTH OF PUERTO RICO, et al. | * | |
| Defendants | * | |

**OPINION AND ORDER**

Pending before the Court is Co-defendants the Commonwealth of Puerto Rico's and the Puerto Rico Police Department's (hereinafter collectively referred to as the Commonwealth) motion to dismiss the complaint (Docket # 6). Plaintiff failed to timely oppose this motion. As such, the Commonwealth's motion to adjudicate its motion to dismiss as unopposed (Docket # 17) is hereby **GRANTED**. After reviewing the Commonwealth's motion to dismiss and the applicable law, its motion will be **GRANTED in part and DENIED in part**.

**Factual Background**

Plaintiff's complaint alleges that she has been an employee of the Puerto Rico Police Department since 1993, and that during the years between 1993 and 2004 she was promoted in several occasions. As per Plaintiff's complaint, her last promotion took place on August, 2004, when she was appointed to the position of "Administrator of Office Systems II, number 5", a career position. Plaintiff claims that on May 19, 2005 she was demoted to the position of secretary to an Attorney II of the Police Department's Legal Division due to her affiliation to the Popular Democratic Party (PDP). Pedro Toledo, who took over the Police Department on January 2005, was a member of the New Progressive Party (NPP). Finally, Plaintiff alleges that the Police Department's contentions that her demotion was due to administrative reasons are a pretext because she was replaced by another employee who was a member of the NPP.

Plaintiff's complaint named as defendants the Commonwealth of Puerto Rico, the Puerto Rico Police Department (PR Police Department), Pedro Toledo (Toledo), Chief of the PR Police Department, and Carmen Lugo (Lugo), Director of the PR Police Department's Legal Division. She seeks monetary and equitable relief from defendants for their actions, which she claims are in violation of her constitutional right not to be discriminated against because of her political affiliation.

**Standard of Review**

In assessing whether dismissal for failure to state a claim is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998) (citations omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-6 (1957), quoted in, Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 654 (1999). See also Correa-Martínez v.Arrillaga-Beléndez, 903 F.2d 49, 52 (1st Cir. 1990) (dismissal for failure to state a claim is warranted "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.").

But "[a]lthough this standard is diaphanous, it is not a virtual mirage." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). In order to survive a motion to dismiss, "a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Id.

In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions,

**Civil No. 06-1490(SEC)** 3
_____

periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle, 142 F.3d at 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)). See also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Moreover, Courts "will not accept a complainant's unsupported conclusions or interpretations of law." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

**Applicable Law and Analysis**

The Commonwealth moved to dismiss the instant complaint arguing that it is entitled to the Eleventh Amendment immunity. Plaintiff has not opposed said motion. We agree in part with the Commonwealth. Let's see.

**I. Eleventh Amendment Immunity**

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State. U.S. Const. Am. XI.

Although the Eleventh Amendment literally seems to apply only to suits against a State by citizens of another State, the United States Supreme Court (Supreme Court) has consistently extended the scope of this Amendment to suits by citizens against their own State. See, Board of Trustees of the Univ. of Ala. v. Garrett, 121 S. Ct. 955, 962 (2001); see also, Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 72-73 (2000); Hans v. Louisiana, 134 U.S. 1, 15 (1890). Even though the Commonwealth of Puerto Rico is not a state, it enjoys the protection of the Eleventh Amendment. See, Jusino-Mercado v. Commonwealth of Puerto Rico, 214 F.3d 34, 37 (1st Cir. 2000); Ortiz Feliciano v. Toledo Dávila, 175 F.3d 37, 39 (1st Cir. 1999); Futura Development v. Estado Libre Asociado. 144 F.3d 7,12-13 (1st Cir. 1998); Culebras Enters. Corp. v. Rivera Ríos. 838 F.2d 506, 516 (1st Cir. 1987); Ramírez v. Puerto Rico Fire Servs., 715 F.2d 694, 697 (1st Cir. 1984).

The Supreme Court has established that the Eleventh Amendment protection primarily furthers two goals: the protection of a state's treasury and the protection of its dignitary interest of not being haled into federal court. Fresenius Med. Care Cardiovascular Res., Inc. v. P.R. & the Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 61 (1st Cir. 2003) (citing, Fed. Mar. Comm'n v. S.C. State Ports Auth., 535 U.S. 743 (2002)). However, the Eleventh Amendment immunity is not absolute and may be waived by the state or "stripped away" by Congress. Metcalf & Eddy v. P.R.A.S.A., 991 F.2d 935, 938 (1st Cir. 1993). There are four (4) circumstances in which the Eleventh Amendment protection unravels: (1) when a state consents to be sued in a federal forum; (2) when a state waives its own immunity by statute or the like; (3) when Congress abrogates state immunity ("so long as it speaks clearly and acts in furtherance of particular powers"); and (4) when, provided that circumstances allow, other constitutional imperatives take precedence over the Eleventh Amendment's protection. Id. at 938 (citations omitted). Despite number two above, the First Circuit has held that the fact that a state has waived its immunity to be sued does not automatically means that it waived its immunity in federal court. See, Díaz-Fonseca v. Commonwealth of Puerto Rico, 451 F. 3d 13, 33 (1st Cir. 2006)(holding that although the Commonwealth waived its immunity to be sued in certain circumstances in its own courts, it did not waive its immunity to be sued in federal court).

The Eleventh Amendment bar extends to governmental instrumentalities which are an arm or "alter ego" of the State. See, Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of P.R., 818 F.2d 1034, 1036 (1st Cir. 1987); Ochoa Realty Corp. v. Faría, 618 F. Supp. 434, 435 (D.P.R. 1985); Pennhurst State Sch. Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Mt. Healthy City Sch. Dist. v. Doyle, 429 U.S. 274, 280-281 (1977); Ursulich v. P.R. Nat'l Guard, 384 F. Supp. 736, 737-38 (D.P.R. 1974). In addition, the Eleventh Amendment also protects state officials in their official capacity. The rationale behind this extension of the Eleventh Amendment protection is that a claim against a state official in his or her official

**Civil No. 06-1490(SEC)**                                                                                                                5
_____

capacity for monetary relief is an action for the recovery of money from the State. Ford Motor v. Dept. of Treasury, 323 U.S. 459 (1945); Will v. Michigan Dept. of State Police, 109 S. Ct. 2304 (1989). Hence, a claim against a state official in her official capacity for monetary relief is, in essence, a claim against the State.

The Supreme Court requires a two-step analysis in order to determine whether a government institution is an arm or alter ego of the state and thus entitled to immunity under the Eleventh Amendment. Fresenius Med. Care, 322 F.3d at 65 (citing and discussing Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30 (1994)). First, the court must analyze how the state has structured the government institution and, second, if the "structural indicators point in different directions," the risk of the damages being paid from the public treasury should be assessed. Id. at 65-69. That the Puerto Rico Police Department is an arm or *alter ego* of Puerto Rico has been established by this district on numerous occasions. See, Nieves-Cruz v. Comm. of P.R., 425 F. Supp. 2d 188, 192 (D. P. R. 2006); López-Rosario v. Police Dept., 126 F. Supp. 2d 167, 170-171 (D. P.R. 2000); Aguilar v. Comm. of P.R., 2006 WL 3000765 at *1; Suárez-Cestero v. Pagán-Rosa, 996 F. Supp. 133, 142-43 (D. P. R. 1998). As such, we need not dwell on this point.

Finally, it is well settled that although the Eleventh Amendment bars suits for monetary damages against the state and its officers, it does not preclude claims for prospective equitable relief. See, Ex Parte Young, 209 U.S. 123, 155-56 (1908); Nieves-Márquez v. Commonwealth of Puerto Rico, 353 F.3d 108, 123 (1st Cir. 2003).

Per the discussion above, the Commonwealth of Puerto Rico is entitled to Eleventh Amendment immunity. By like token, the PR Police Department, an arm of the Commonwealth, and Toledo and Lugo int heir official capacities, are also entitled to Eleventh Amendment immunity.

**Conclusion**

For the reasons set herein, Co-defendants the Commonwealth's and the Police

**Civil No. 06-1490(SEC)**                                                                 6
_____

Department's motion to dismiss is **GRANTED in part and DENIED in part**. Consequently, all of Plaintiff's monetary claims against the Commonwealth of Puerto Rico, the Puerto Rico Police Department, and Toledo and Carmen Lugo in their official capacities are hereby **DISMISSED**. On the other hand, Plaintiff's claim against these co-defendants for prospective equitable relief, as well as her claims for money damages against Toledo and Lugo in their individual capacities remain pending. Partial Judgment shall be entered accordingly.

        **SO ORDERED.**
In San Juan, Puerto Rico, this 26th day of March, 2007
                                        S/ *Salvador E. Casellas*
                                        SALVADOR E. CASELLAS
                                        United States District Judge